The Law Office of Jonathan E. Hill (Attorney ID 032361988)
52 South Street
Second Floor
Morristown, New Jersey 07960
973-898-1119 (phone)
973-898-1176 (FAX)
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCIS FOWLKES, | : | Civil Action No. 20-17471 |
| Plaintiff, | : | |
| | : | **ANSWER TO COMPLAINT** |
| vs. | : | |
| FRIENDS OF CYRUS, INC., and FRIENDS OF CYRUS II, INC., | : | |
| Defendants. | : | |

Defendants, Friends of Cyrus, Inc., and Friends of Cyrus II, Inc., by way of Answer to the Complaint states as follows:

## INTRODUCTION

1. Except to admit that plaintiff purports to states causes of action based on her allegations in the Complaint, Defendants deny the allegations contained in Paragraph 1 of the Complaint, and specifically deny that there is any legal or factual basis for plaintiff's claims.

## PARTIES

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Except to admit that Friends of Cyrus, Inc., is a New Jersey corporation with an office located at 15 Corporate Place S, Suite 333, Piscataway, New Jersey 08854, defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Except to admit that Friends of Cyrus II, Inc., is a New Jersey corporation with offices located in Piscataway and Delanco, New Jersey, defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Except to admit that plaintiff filed a Charge of Discrimination against Friends of Cyrus, Inc., with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2019-03892, and to refer to that Charge for its full and exact contents, defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Except to admit that the EEOC issued a Dismissal and Notice of Rights dated September 2, 2020, and to refer to that document for its full and exact contents, defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Except to admit that this lawsuit was filed on November 30, 2020, defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Except to admit that plaintiff purports to states causes of action based on her allegations in the Complaint, Defendants deny the allegations contained in Paragraph 10 of the Complaint, and specifically deny that there is any legal or factual basis for plaintiff's claims.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13. Defendants repeat and make a part hereof as if set forth in full their responses to each of the allegations contained in Paragraphs 1 through 12 of the Complaint.

14. Except to state that plaintiff was hired by Friends of Cyrus II, Inc., in the position of Residential Coordinator, beginning work on November 19, 2018, defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Except to admit that plaintiff was expected to work at a certain group home or group homes, defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Except to state that plaintiff presented a note from Faith Brosch, M.D., dated December 5, 2018, and to refer to that note for its full and exact contents, defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Inasmuch as this Paragraph consists entirely of a legal assertion rather than a factual allegation, no response by defendants is required.

21. Except to admit that plaintiff spoke with Mr. Singhani about her pregnancy, defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Except to admit that there were no administrative positions available for plaintiff at the time, defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Except to state that on or about December 27, 2018, the first resident moved in to one of the group homes that plaintiff was assigned to coordinate, defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Except to admit that plaintiff spoke with Mr. Singhani and Amanda Eusebio on or about December 26, 2018, defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Except to state that Friends of Cyrus II, Inc., agreed to plaintiff's requested accommodation, defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Except to admit that plaintiff's request for an accommodation was granted, defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Except to admit that a letter was presented to plaintiff dated December 26, 2018, and to refer to that letter for its full and exact contents, defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Except to admit that a letter was presented to plaintiff dated December 26, 2018, and to refer to that letter for its full and exact contents, defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Except to admit that a letter was presented to plaintiff dated December 26, 2018, and to refer to that letter for its full and exact contents, defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Except to admit that a letter was presented to plaintiff dated December 26, 2018, and to refer to that letter for its full and exact contents, defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Except to admit that plaintiff signed the December 26, 2018, letter on December 26, 2018, defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Except to admit that a letter was presented to plaintiff dated December 31, 2018, and to refer to that letter for its full and exact contents, defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Except to state that plaintiff was advised that other positions were available if plaintiff was interested in performing those jobs, defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Except to state that plaintiff's request for accommodation by temporarily excluding her from the staff-to-patient ratio was granted by having a one-on-one support staff present with plaintiff at all times in the group homes that she coordinated, defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendant deny the allegations contained in Paragraph 43 of the Complaint.

44. Except to admit that plaintiff's request for accommodation was granted, defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## COUNT I

47. Defendants repeat and make a part hereof as if set forth in full their responses to each of the allegations contained in Paragraphs 1 through 46 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Inasmuch as this Paragraph consists entirely of a legal assertion rather than a factual allegation, no response by defendants is required.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Except to admit that plaintiff requested an accommodation, which was granted, defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint, and further deny that plaintiff is entitled to any of the relief requested in Count I of the Complaint.

## COUNT II

56. Defendants repeat and make a part hereof as if set forth in full their responses to each of the allegations contained in Paragraphs 1 through 55 of the Complaint.

57. Except to admit that plaintiff was employed by Friends of Cyrus II, Inc., defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Except to admit that plaintiff was employed by Friends of Cyrus II, Inc., defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Except to state that plaintiff's request for accommodation was granted, defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Except to state that plaintiff's request for accommodation was granted, defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Except to state that plaintiff's request for accommodation was granted, defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint, and further deny that plaintiff is entitled to any of the relief requested in Count II of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Any actions taken with respect to plaintiff were taken for legitimate business reasons unrelated to plaintiff's pregnancy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

On the facts and the claims alleged, plaintiff is not entitled to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies or requirements.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of settlement and release and/or accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's request for accommodation was granted.

WHEREFORE, defendants deny that plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that this Court dismiss the Complaint in its entirety, with prejudice, and grant defendants such other relief as the Court may deem just and proper.

Respectfully submitted,

JONATHAN E. HILL, ESQ.
Attorney for Defendants

_____
JONATHAN E. HILL

DATED: January 29, 2021.