**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **FRANCIS FOWLKES,** | **Civil Action No. 20-17471 (WJM)** |
| **Plaintiff,** | |
| **v.** | |
| **FRIENDS OF CYRUS, INC., et al.,** | **ORDER** |
| **Defendants.** | |

     **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 25, 2021; and for good cause shown:

     **IT IS on this 25th day of March, 2021**

     **ORDERED THAT:**

### I. DISCLOSURES

    1.     Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **Done**.

### II. DISCOVERY

    2.     Fact discovery is to remain open through **October 29, 2021**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

    3.     The parties may serve interrogatories limited to twenty-five (25) single questions and requests for production of documents on or before **April 8, 2021**, to be responded to **within thirty (30) days of receipt**.

    4.     No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

    5.     Any discovery dispute shall be brought to the Court's attention in the first instance

by letter, as described in paragraph 7 herein, or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).

6.    No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

7.    Any discovery or case management dispute shall be raised informally as provided for in Local Civil Rule 37.1, following an actual meet-and-confer by the parties.  If the parties are unable to agree, a short letter may be emailed to chambers at mf_orders@njd.uscourts.gov indicating that there is a dispute and the subject matter of the dispute. Detailed, multi-page letters should **not** be submitted.  Upon receipt of any such letter, the Court will attempt to schedule a telephone conference within 24 hours to discuss the details of the dispute and make a more specific plan for how it should be addressed (e.g., formal motion, informal briefing, in-court meet and confer, etc.). Any letter submitted should be **double spaced**.

8.    Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **September 29, 2021** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

**9.**    The parties should confer and submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), by **April 8, 2021.**

10.    Proposed orders and short letters may be emailed to the Court at mf_orders@njd.uscourts.gov.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

11.    The parties should submit any proposed discovery confidentiality order by **April 8, 2021**. Any confidentiality order submitted must strictly comply with Local Civil Rule 5.3.  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

12.    Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery.  Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## IV.  FUTURE CONFERENCES

13.    There shall be a settlement conference via ZOOM before the Undersigned on **April 20, 2021** at **11:00 a.m.**  The ZOOM conference information will be sent to your designated email address on the Court's Electronic Filing System.  In addition to and wholly separate from lead counsel, individual clients and any insurance adjusters or supervisors with full settlement authority are required to be present on the conference.  Failure to appear at the conference may result in sanctions. Upon receipt of the Zoom invitation, counsel shall forward the invitation to their respective client(s). In addition, the parties are directed to submit confidential settlement statements, double-spaced and not to exceed five (5) pages, to the Undersigned three (3) days before the conference and emailed to mf_orders@njd.uscourts.gov.

14.    The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

15.    Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

16.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

17.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V.  MOTIONS

18.    Any motion to amend any pleading must be filed on or before **July 1, 2021**.

19.    <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1 and 78.1.

20.    Dispositive motions, if any, are to be filed by **TO BE SET**.

## VI.  EXPERTS

21.    All affirmative expert reports shall be delivered by **November 12, 2021**, with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. <u>See</u> Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

22.    All responding expert reports shall be delivered by **December 12, 2021**, with

depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. Any such report shall be in the form and content as described above.

23.     No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## VII.  FINAL PRETRIAL CONFERENCE

24.     A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

25.     All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference.  Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

26.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

27.     The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs.  All counsel are responsible for the timely submission of the Pretrial Order and submissions.

**28.     FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**


      /s/ Mark Falk
**MARK FALK**
**Chief U.S. Magistrate Judge**

4